## GROVER LOENING AIRCRAFT CO., Inc. v. UNITED AIRCRAFT MFG. CORPORATION et al.

No. 1188.

District Court, D. Delaware.
June 16, 1939.

John F. Neary, Jr., and Walter H. Free (of Hoguet, Neary & Campbell), both of New York City, for plaintiff.

Drury W. Cooper and C. Blake Townsend (of Cooper, Kerr & Dunham), both of New York City, and Howard Duane, of Wilmington, Del., for defendants.

NIELDS, District Judge.

This is a patent suit charging infringement of Patent No. 1,759,652 granted to Grover Loening May 20, 1930, for "Retractable Landing Gear". The claims in suit are 1, 2, 3, 5, 7, 9 and 11. The structure charged to infringe is the landing gear of Sikorsky, Model "S-43" amphibian airplane.

The defenses are invalidity, noninfringement and failure to comply with U.S. R.S. § 4888, 35 U.S.C.A. § 33.

### The Patent

The patent in suit relates to the use of a few simple elements for lifting the wheels of an airplane while in flight. They are: (1) A folding strut with a toggle joint which is folded in lifting the wheels. (2) An offset hinge for the toggle joint such as is used on doors. (3) A "push and pull"

rod for operating the toggle struts. (4) A shock absorber in the lower member of each strut. (5) Means to lock the toggle struts when protracted.

Plaintiff frankly states that the invention is not the discovery of a new element or part. But, says plaintiff's attorney, "it was a new arrangement of the parts upon which a new structural law was imposed". Plaintiff's position was more coherently stated when he admitted an offset hinge was not novel "but it is novel in a landing gear". This opinion deals with the merit of that statement.

At the trial plaintiff relied principally upon Fig. 9 of the patent:

13b and 12b. The figure shows wheels 7 and associate landing gear on each side of the amphibian. Shock absorbers 14 and 15 composed of rubber disks and washers are in the lower half of each toggle strut. There is also a rubber band 33 which is intended to prevent accidental openings of the joints. By means of rod 30b the pilot can pull up or push down rods 51 which open or close the hinges. The wheels swing up and down on the radius rods 50 attached to the hull of the airplane. Fig. 9 represents an amphibian but the patent states that the invention relates to "airplanes, more particularly seaplanes, flying-boats and the like." The patent in suit had

May 20, 1930.                    G. LOENING                    1,759,652
                      RETRACTABLE LANDING GEAR
                      FILED JUNE 29, 1929        5 SHEETS-SHEET 5

Fig. 9.

In this figure the landing gear of the patent comprises two foldover struts having toggle joints with offset hinges. The upper and lower members of the toggle struts are nothing to do with originating or developing the amphibian type of airplane. Such airplanes were in commercial use long prior to the patent in suit.

In its brief plaintiff states "the arrangement of Fig. 9 of the patent is particularly pertinent here for it is that structure which defendants have adopted".

In the specification the patentee says:

"Fig. 9 illustrates the application of the invention to a two-wheel landing gear of the kind in which the wheels are disposed outside of the float or floats and are connected therewith by laterally swinging links. In this case the axles of the wheels are on the lower ends of toggle members 12b, which have shock absorbers built into them in the manner which has been described. These members are connected with the opposite sides of the float 2 by links 50, which guide the wheel-carrying members in the protracting and retracting operations, and take lateral and rearwardly acting stresses on landing, thus performing the general functions of the rectilinear guides of the other forms of the invention.

"The upper toggle members 13b are connected to the lower toggle members 12b by the same form of offset hinge with abutments, as in the case of the members 12 and 13 first described, only in this instance the hinge pintle is offset outward from the line of thrust through the main strength strut. The members 13b are pivotally connected with the body 3, the axes about which these joints flex being fore and aft instead of transverse. Pivotal links 51 connect the members 13b with a push and pull rod 30b".

The operation of the device is as simple as its elements. If the wheels 7 are down and the pilot wants to pull them up after taking off, he pulls up rod 30b which in turn pulls on rods 51 and opens the toggle hinges on each side. The wheels 7 swing upwardly around their links 50 into the position shown by the dotted lines. When the pilot wants to land he pushes down on rod 30b. That pushes down rods 51 and lowers the wheels by straightening the toggle struts.

Loening, the patentee, was president of the plaintiff corporation. In the early days of the aeroplane industry he had played a prominent part. At the hearing he testified as expert on behalf of plaintiff and placed much emphasis upon the offset hinges although when the patent was applied for the hinges were not numbered or identified in Fig. 9. The offset hinges are simply the joints between the two parts of the folding toggle struts. It is asserted by

the plaintiff that they produce "a self locking effect" when the weight of the airplane is placed upon the struts in their straightened position. The weight of the airplane when resting on the wheels is taken by the abutting faces of the hinge instead of by the hinge pin.

Claim 5 is selected by plaintiff as typical. It reads: "5. In an airplane, a retractable landing gear comprising a wheel-carrying part, means for guiding the same, a foldable main strength strut comprising a toggle having its upper member connected with the fixed structure of the airplane and its lower member connected with said wheel-carrying part, an offset hinge device connecting the toggle members whereby the toggle is self-locking when straightened, and means for folding and straightening said toggle."

The elements of this claim are—a retractable landing gear having a wheel and axle, guiding means like the links 50 for the wheel and folding toggle between the airplane and wheel, an offset hinge used as the hinge of the toggle, and a "push and pull rod", or any other device for opening and closing the hinge.

The principal parts of the mechanism are very old. They are substantially those of a man's leg. The operation is similar to standing and walking. The language of claim 5 beginning with "a foldable main strength strut" in the third line of the claim to the end of the claim, is applicable to the human leg if the human body and foot is substituted for the fixed structure of the airplane and for the landing gear or "wheel carrying part". Other claims, e. g. 11, incorporate the shock absorber in the lower member of the toggle strut corresponding to the arch of the foot or to a rubber heel.

### Prior Art

The prior art shows the mechanism of the patent applied to retractable landing gear for airplanes. Such airplanes operate in the same way as the patent to produce the same result. As early as 1870 the use of the toggle joint, like 13b and 12b of Fig. 9 of the patent was described in a well known mechanical handbook "507 Mechanical Movements". The book describes the operation of the toggle by a push and pull rod like 51 of the Loening patent. Since 1909 shock absorbing means have been incorporated in the lower parts of airplane landing gear. The Wrights used a rubber tire for the purpose. The offset

hinge is an ancient mechanical device, for example, a door hinge. It was applied to folding struts in airplane retractable landing gears long before Loening's patent.

*McCarroll Patent*

In 1918 McCarroll filed an application for a patent for "Folding Landing Gear For Aircraft". In 1920 his patent No. 1,329,533 was granted. See Figs. 1 and 3:

which supporting and guiding arms 3 are attached, so that when those wheels are turned by the handle, the guiding arms and supporting arms 3, are raised, the offset hinge joint in the main strut 20 is broken, and the wheels are retracted to the position shown in the dotted lines at the top of Figure 1.

"This patentee, realizing perhaps that

### F. McCARROLL
### FOLDING LANDING GEAR FOR AIRCRAFT
#### APPLICATION FILED OCT. 19, 1918.

1,329,533.

Patented Feb. 3, 1920.

*Fig. 3.*

It was overlooked by the patent office when considering Loening's application. The best description of the McCarroll patent is given by defendant's expert:

"Q. 29. Give a short description of the McCarroll patent and then I will ask you to turn to the model Exhibit G for identification, and operate it, or have it operated so that the Court may see what occurs?

"A. Referring to Figure 1 of the McCarroll patent, we find a fuselage 1, on either side of which is a folding wheel carrying device which forms a pair of retractable landing gears. In this patent the wheels swing out laterally from the fuselage, like the wheels on the S–43, for example, and that is secured through the use of a main strut which is made up of two members 20, jointed by an offset hinge 22, and actuated through a handle 16, under the control of the pilot, which serves to operate a pair of cog wheels 7 and 8, to

there may be the possibility of a breaking of the toggle joint at an inopportune moment, provides means for assuring the integrity of that joint. He does what Gustafson does by himself utilizing a sleeve which may be lifted out of the way by the wires 18, in doing which the springs 26 on the main strut are compressed.

"If the text of this patent be carefully read, it will be found that the first result of turning the handle 16, is to lift the sliding sleeve out of the way, permitting the joint to be broken as the wheel is physically lifted by the further operation of the handle 16 by the pilot.

"When the wheels are protracted or dropped, the joint is made, the sleeve is forced down into its locking or permanent position under the influence of the spring 26, and under these conditions the weight of the plane is principally borne by that jointed main strut 20."

When McCarroll drawings are read with the specification, the McCarroll apparatus is perfectly operative as shown and described. The last two paragraphs of McCarroll specification are:

"The details of the pivot joints and the strut locking means are so illustrated as to give best understanding to the theory of operation. The refinement in these parts and their general simplification in construction will come within the scope of the present disclosure.

"The invention is presented to include all changes in design, any modifications in form, and operation as may be construed to come within the purview of the following claims."

The McCarroll landing gear as described in the McCarroll patent is operative. Its operability was demonstrated by defendant's model in the presence of the court at the hearing. This demonstration is best explained by defendant's expert:

"Q. 31. Will you turn your attention to this model of the McCarroll patent which is for identification marked Defendants' Exhibit G, and let me ask you first if the letters of reference that appear on the drawing of the patent on the main parts have been transferred to this model? A. Yes, they have. For example, I notice that the two portions of the toggle strut are numbered 20; that the offset hinge is 22, and that the sliding sleeve is No. 23; that the spring cooperating with it is No. 26; and that the upper pivot for the main strut is No. 21; that the axle member is No. 3, and that the brace rod is No. 21a.

"Q. 32. All as in the patent? A. All as in the patent.

"Q. 33. Can this be operated in its present condition, this model Defendants' Exhibit G for Identification, so as to show protraction and retraction of the running gear? A. It can, and I will ask Mr. Lubinsky to operate this while I describe what takes place.

"Q. 34. This handle 16 which he has just put in place, is that the identical thing shown in the drawing? A. Yes. If now we turn it, we will see first that the sleeves over the joint are raised, and that when they are out of the way the toggle joint will collapse and the wheels be lifted in the manner shown in the patent. Will you please retract it (demonstrating). Will you please protract it (demonstrating).

"This sleeve is being raised and gotten out of the way, and you will find that the gear wheels actuate the axle rods 3 to lift the wheels and get them out of the way. It is a perfectly practical demonstration of what is shown in the McCarroll patent.

"Q. 35. Will you point to the Court while the Exhibit G for Identification is in its retracted position, the offset joint collapsed? A. I put my finger on the offset joint 22 which is in position permitted the two members of the toggle to fold together.

"Q. 36. Will you have the parts restored slowly to their protracted position, so that the Court may see that toggle joint closed? A. (Demonstrating) It is now being done. The wheels are slowly descending and as the proper moment arrives, the sleeve passes inside of the guard member and slides down into place where it surrounds and protects the offset hinge.

"Q. 37. What about that guard member? What relation does that have to the extra locking devices of the patent in suit? A. It does what Gustafson did, and what Porte shows, and what is done in the S-43, and in the patent in suit.

"Q. 38. It affords an extra lock besides the lock of the abutting ends of the joint? A. In addition to the natural locking which comes from the abutting ends.

"Q. 39. What have you to say as to the relation of the disclosure of this McCarroll patent to what is shown in the patent in suit, so far as concerns the protraction and retraction of the landing gear through the employment of an offset toggle joint and means for opening and closing that joint? A. McCarroll, both in the patent and in this model, shows all these means for doing what the patent in suit attempts to do in the utilization of a folding main strut, an offset hinge, and guiding members for spacing and supporting the wheel, and means for folding and unfolding the toggle to lift and depress the wheels in the retracted or protracted condition."

The McCarroll patent anticipates plaintiff's patent in every essential particular.

*German Patents*

As early as 1913 Gustafson in his patent No. 1,144,471 showed an offset hinge applied to a folding strut in an airplane. In 1907 the German patent 191,433 had showed a folding strut with a toggle joint and an offset hinge applied to the landing and running gear of an airplane. This

98

German patent was for lowering the back of the wing down to the wheel to assist in the take off, instead of for pulling the wheel up to the wing. But the same mechanical elements were employed for the purpose and the patent plainly shows an offset hinge in the foldable strut of an airplane landing gear. These patents were not cited against Loening's application and the patent office overlooked them in allowing Loening's patent.

Commercial success could have no significance in this case. But was there success? Plaintiff has not shown any payments of money for a license under the patent, or business transactions for its use. The "Moth" built by Loening was an experimantal machine. Only one "Duckling", "Monoduck" or "X S 2 L" machine was ever built. They were experimental, not commercial machines.

The court finds as a conclusion of law that the patent in suit is invalid because it is anticipated. Such finding makes a consideration of the other defenses unnecessary.

This opinion contains a statement of the essential facts and the law applicable thereto in conformity with Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The bill must be dismissed.